**VIRGINIA & AMBINDER, LLP**
By: Nicole Marimon, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS ADMINISTRATIVE DISTRICT COUNCIL OF NEW JERSEY,<br><br>Petitioner,<br><br>-against-<br><br>APS CONTRACTING, INC.,<br><br>Respondents. | 16 CV _____<br><br>**PETITION TO CONFIRM AN ARBITRATION AWARD** |

Petitioners, Bricklayers & Allied Craftworkers Administrative District Council of New Jersey ("Petitioner" and/or the "Union") by and through their attorneys, Virginia & Ambinder, LLP, as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

**NATURE OF THE ACTION**

1. This is an action under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and/or section 9 of the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award rendered pursuant to: (1) a Project Labor Agreement Covering Construction of the Union County Family Court Building in Elizabeth, New Jersey ("PLA"); and (2) a collective bargaining agreement between Building Contractors Association of New Jersey, Masonry Contractors of New Jersey, Building Contractors Association of Atlantic County, the International Union of Bricklayers and Allied Craftworkers/Administrative

District Council of New Jersey, Local Union Nos. 2,4,& 5; entered into by APS Contracting, Inc. ("Respondent" or "APS").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this is an action brought by the Petitioner Union, a labor organization representing employees in an industry affecting commerce (as defined below) against an employer for violation of a contract, and under 29 U.S.C. § 185(c) because the Union is located and administered in this district.

## THE PARTIES

4. Petitioner Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Respondent. The Union maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

5. Upon information and belief, Respondent APS Contracting, Inc. ("APS") is a corporation incorporated under the laws of the State of New Jersey. At relevant times, Respondent was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 155-161 Pennsylvania Avenue, Paterson, NJ 07503.

## THE ARBITRATION AWARD

6. On or about June 18, 2013, Respondent APS executed a Project Labor Agreement Covering Construction of the Union County Family Court Building in Elizabeth, New Jersey

("PLA") between the APS and the Union County Building and Construction Trades Council, AFL-CIO. A copy of the PLA is annexed hereto respectively as **Exhibit A**.

7. Article 11, Section 2.A of the PLA provides: "the Contractors agree to pay contributions on behalf of all Employees covered by this Agreement to the established employee benefit funds in the amounts designated in the appropriate Schedule A." Attached hereto as **Exhibit B** is a copy of the Building Contractors Association of New Jersey, Masonry Contractors of New Jersey, Building Contractors Association of Atlantic County, and the International Union of Bricklayers and Allied Craftworkers/Administrative District Council of New Jersey, Local Union Nos. 2, 4, & 5 ("CBA"), which is among the collective bargaining agreements that together constitute Schedule A of the PLA.

8. "Contractors" is defined in the PLA as "all signatory contractors, and their subcontractors of whatever tier, engaged in on-site Project construction work within the scope of this Agreement." Exhibit A, Article 2, Section 1.

9. The PLA and CBA required Respondents to, *inter alia*, make benefit contributions to the various labor-management trust funds organized and operated pursuant to trust agreements and various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5), including but not limited to the B.A.C. Local 4 Pension Fund, the New Jersey B.A.C. Annuity Fund, the New Jersey B.A.C. Health Fund, the New Jersey BM&P Apprentice and Education Fund (the "Funds") for all work performed within the trade and geographic jurisdiction of the Union. **Exhibit A**, Article 11, Section 2.A.; **Exhibit B**, Article XI, Section 1.

10. Furthermore, Article 9 of the PLA, sets out a grievance and arbitration procedure to be used in connection with disputes arising under the PLA. *See* **Exhibit A**, Article 9.

11. The PLA and CBA required Respondent to, *inter alia*, submit all disputes amongst the parties to binding arbitration. *See* **Exhibit A**, Article 9, Section 1; **Exhibit B,** Article XI, Section 1.H.

12. APS failed to make required benefit fund contributions and remit its dues check-off for work performed on the Union County Family Court Building in Elizabeth, New Jersey for the period of March 2, 2014 through April 24, 2015.

13. On May 14, 2015, the Funds advised APS of its violation of the PLA and CBA. Copies of the letters sent to APS are attached hereto as **Exhibit C**.

14. Despite receiving notice, APS failed to remit the delinquent contributions for the work done on March 2, 2015 through April 24, 2015.

15. Pursuant to the arbitration clause of the grievance procedure set out in the PLA, Petitioner initiated arbitration before the designated arbitrator, J.J. Pierson. A copy of a demand for arbitration is annexed hereto as **Exhibit D**.

16. Due notice of the arbitration was given by the arbitrator to all the parties and on August 6, 2015, arbitrator J.J. Pierson conducted a hearing in connection to the dispute. On December 31, 2015, the arbitrator promulgated his written Award and Order ("Award"). A copy of the Award is annexed hereto as **Exhibit E**.

17. Within the Award, the arbitrator found that APS had violated the PLA and CBA by failing to remit fringe benefit contributions and dues check-off. *See* **Exhibit E**.

18. The Award ordered APS to make immediate payment to the "NJ BAC Local 4 Benefit Funds" of $55,715.86, representing fringe benefit contributions and dues check-off for payroll periods between March 2, 2015 through April 24, 2015." *Id*.

19. The Award also ordered APS to reimburse the Union in the sum of $1,250, which represents one half of the arbitrator's fee.

20. Respondent has failed to abide by the Award.

21. The Award has not been vacated or modified and no application for such relief is currently pending.

22. This petition is timely as it was filed within the one year statute of limitations applicable to a petition to confirm an arbitrator's award.

23. Petitioner is entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to both Article XI, Section 1.H and Section 7 of the CBA.  *See* **Exhibit B**.

**WHEREFORE,** Petitioner respectfully requests that this Court:

(1) Confirm the Award in all respects;

(2) Award judgment in favor of the Petitioner and against Respondents in the amount of $56,965.86, including arbitration costs, pursuant to the Award plus interest from the date of the Award through the date of judgment;

(3) Award Petitioner attorneys' fees and costs arising out of this petition; and

(4) Award Petitioner such other and further relief as is just and proper.

Dated: New York, New York  
October 20, 2016

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____

Nicole Marimon, Esq.  
40 Broad Street, 7th Floor  
New York, New York 10004  
Telephone: (212) 943-9080  
*Attorneys for Petitioner*

-5-